UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN


Dennis Bogner

       Plaintiff,

vs.                                              Case No. 2:19-cv-13574-PDB-MJH
                                                 Hon.


Aetna Life Insurance Company

       Defendant.

_____/
Serafini, Michalowski, Derkacz & Associates
PATRICK DERKACZ (P48988)
Attorney for Plaintiff
44444 Mound Road, Suite 100
Sterling Heights, MI 48314
(586) 264-3756
_____/

## PLAINTIFF'S COMPLAINT

NOW COMES Plaintiff, Dennis Bogner, by and through his attorneys,

Serafini, Michalowski, Derkacz & Associates, and for his Complaint against

Defendant, Aetna Life Insurance Company, states to the Court as follows:

1.      This is a civil complaint brought under ERISA Section 502, 29 USC 1132

regarding breach of the terms of an employee benefit plan, for the purpose of

compelling Defendant to provide certain disability insurance benefits in the

amounts and at the coverage levels promised and for an accounting, recovery of

damages, costs, and attorney fees incurred as a consequence of Defendant's failure to do so.

2.     Plaintiff, Dennis Bogner is a resident of the City of Holly, State of Michigan.

3.     Defendant, Aetna Life Insurance Company, (hereinafter "ALIC") is domiciled in the State of Connecticut and conducts business in Wayne County, Michigan.

4.     At all times pertinent hereto, Plaintiff, Dennis Bogner, was employed by Ricoh USA, Inc.

5.     Defendant, ALIC issued a group long-term disability insurance plan covering employee of Ricoh, USA, Inc including Plaintiff.   The plan is a welfare benefit plan allegedly governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 USC 1001 et. seq.

6.     Defendant reviewed this claim with a conflict of interest as it was obligated to both review the claim and pay benefits if the claim(s) was approved.

7.     Plaintiff, Dennis Bogner is a participant and eligible employee within the meaning of the aforementioned ALIC disability policy within the meaning of ERISA by virtue of his employment with Ricoh.

8.     That the above plan provided disability income benefits.

9.     Plaintiff, Dennis Bogner, has multiple medical problems including Occipital neuralgia, Ataxia, Parkinsonism, Vertigo and Intractable Migraine headaches.

10.    Despite extensive treatment he continues to experience severe disabling pain and problems.

11.    Plaintiff's medical disability prevented him from performing the duties required of his own or any occupation and he remains disabled and entitled to disability benefits as he is unable to work in his own or any occupation within the meaning of the aforementioned disability policy.

12.    Plaintiff's treating physicians authored medical records clearly establishing Plaintiff's disability from his own or any occupation.

13.    The administrative record is replete with other references of permanent restrictions acknowledged by Plaintiff's treating physicians and Defendant's own employees and agents.

14.    Defendant denied Mr. Bogner's claim for disability benefits

15.    Plaintiff, Dennis Bogner, timely appealed the denial of Plaintiff's disability claim.

16.    Contrary to the overwhelming evidence, Defendant upheld its decision denying benefits. There was sufficient evidence supporting his continued disability, including medical records from multiple treaters confirming his disabling medical conditions.

17.    There can be no dispute over whether or not Plaintiff's treating physicians have disabled him from his own or any occupation.

18.    Defendant's decision to deny this claim is without support.  The only reasonable explanation for Defendant's denial of this claim is bias, self-dealing and/or a complete absence of due process.

19.    The amount in controversy is less than of $25,000, excluding costs, interest and attorney fees and this action is otherwise within the jurisdiction of this court.

<div align="center">COUNT I</div>

**<div align="center">ACTION UNDER ERISA sec. 502(A)(1)(B), 29 USC 1132(a)(1)(B)<br>TO RECOVER FULL BENEFITS</div>**

20.    Plaintiff incorporates herein by reference Paragraphs 1-19 as if fully set forth herein.

21.    Defendants' denial of Plaintiff, Dennis Bogner's, claim for disability payments as described above constitutes a breach of said policy and is a direct violation of the terms of the Plan and the Employee Retirement Income Security Act of 1974, 29 USC 1001 et seq.

21.    Defendants' actions in denying Plaintiff's employee benefits but not complying with the requirements of 29 C.F.R. sec. 2560.503-1(f-i) is in violation of Plaintiff's procedural due process rights under ERISA and each and every one of its fiduciary duties set forth above.

22.     Defendants' violation of ERISA by failing to comply with the procedural requirements of section 1133 denied a full and fair review.

23.     Plaintiff is entitled to discovery and a de novo review of this claim by the Court as Defendant is not entitled to the protections concerning administrative review or the administrative record.

24.     Further, Defendants' conflict of interest materially affected its claim handling and its decision to deny Plaintiff's claim.

**WHEREFORE**, Plaintiff, Dennis Bogner, requests the following relief from this Honorable Court:

A.      A declaratory judgment pursuant to ERISA §502(a)(1)(B), 29 USC 1132(a)(1)(B) and 28 USC 2201, declaring Plaintiff is entitled to the group employee benefits in the proper amounts as set forth in the Plan(s) in effect at the time benefits became payable and that ALIC  has violated the Plan(s) by failing to pay these benefits.

B.      A full and accurate accounting by Defendant of all computations for Plaintiff's employee benefits, in sufficient detail so that Plaintiff may ascertain that his benefits are being paid in the proper amount.

C.      An order compelling defendant to pay Plaintiff the full amount due him and to continue such payments for the period set forth in the plan, including interest and unpaid benefits.

D.    Reasonable interest, attorney fees and costs, pursuant to ERISA §502(g)(1), 29 USC 1132(g)(1).

E.    Such other relief as may be deemed just and appropriate.


      By:  S:/Patrick Derkacz_____
Serafini, Michalowski, Derkacz & Associates
PATRICK DERKACZ (P48988)
Attorney for Plaintiff
44444 Mound Road, Suite 100
Sterling Heights, MI 48314
(586) 264-3756

DATED: December 5, 2019